UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
CARLOS ROSALES,                                    Case No.

                          Plaintiff,

        -vs.-

                                  **COMPLAINT**

SHOTGUN MASONRY & CONCRETE,
LTD., and JOSEPH PARENTE,

                        Defendants.
--------------------------------------------------------X

       Plaintiff, CARLOS ROSALES, by and through his attorneys, the LAW OFFICES OF WILLIAM CAFARO, complaining of the Defendants, hereby allege as follows:

### *THE PARTIES*

       1.     Plaintiff, CARLOS ROSALES, (hereinafter "Mr. Rosales" or "Plaintiff") is an individual residing in Brooklyn, NY.

       2.     Upon information and belief, Defendant SHOTGUN MASONRY & CONCRETE, LTD., (hereinafter "Shotgun Masonry") was and is a domestic business corporation whose principal place of business is located at 6 Commerce Drive, Farmingdale, NY 11735.

       3.     Upon information and belief, Defendant JOSEPH PARENTE, (hereinafter "Parente") is an individual, whose actual place of business is located at 6 Commerce Drive, Farmingdale, NY 11735.

4.      Upon information and belief, at all times herein pertinent, Defendant Parente, served as a principal, officer and/or manager of Defendants Shotgun Masonry.

5.      Upon information and belief, for the calendar year 2013 the gross receipts of Shotgun Masonry were not less than $500,000.00.

6.      Upon information and belief, for the calendar year 2014 the gross receipts of Shotgun Masonry were not less than $500,000.00.

7.      Upon information and belief, for the calendar year 2015 the gross receipts of Shotgun Masonry were not less than $500,000.00.

8.      Upon information and belief, for the calendar year 2016 the gross receipts of Shotgun Masonry will not be less than $500,000.00.

## *JURISDICTION AND VENUE*

9.      Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and Plaintiff relies upon 28 U.S.C. § 1367 to invoke supplemental jurisdiction with respect to the state law claims which form another basis for recovery upon the same factual nexus, specifically Articles 6 & 19 of the Labor Law and related New York State Department of Labor regulations.

10.     Venue is based upon 28 U.S.C. § 1391(b)(1), insofar as at least one of the Defendants resides within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

## *FACTUAL ALLEGATIONS*

11.     At all times herein pertinent, the Defendants, and each of them, were engaged in an industry having an affect on commerce within the meaning of 29 U.S.C. § 203.

12.     At all times herein pertinent, and in the course of his duties, Plaintiff regularly handled products which had been moved in commerce including but not limited to, cement mixers, trowels and levelers.

13.     Plaintiff's primary duties did not include the exercise of discretion and independent judgment with respect to any matters of significance.

14.     Shotgun Masonry operates as a masonry and concrete company.

15.     Mr. Rosales was employed by the Defendants from on or about February 20, 2015 until on or about March 20, 2016.

16.     Mr. Rosales was assigned various duties including, but not limited to, leveling and spreading poured concrete at job sites.

17.     Mr. Rosales worked, Monday from 7:00 AM until 5:00 PM and Tuesdays through Saturdays, inclusive, from 7:00AM until 7:00PM, every week throughout his employment.

18.     Mr. Rosales was paid a weekly salary throughout his employment with Defendants.

19.     From February 20, 2015 until January 9, 2016, Mr. Rosales was paid a salary of $600.00 per work week.

20.     From on or about January 10, 2016 until the end of his employment, Mr. Rosales was paid a salary of $400 per work week.

21.     Throughout his employment with the Defendants, Mr. Rosales was paid his weekly salary in both check and cash.

22.     Plaintiff regularly worked for the Defendants in excess of forty (40) hours a week but did not receive any overtime premium of one and one half times his regular rate of pay for those hours.

23.     Plaintiff did not receive the statutory minimum wage.

24.     Defendants failed to pay Plaintiff spread of hours pay.

25.     Upon information and belief, Defendant Parente had the power to hire employees at Shotgun Masonry.

4

26.     Upon information and belief, Defendant Parente hired Plaintiff on or about February 20, 2015.

27.     Upon information and belief, Defendant Parente had the power to fire employees at Shotgun Masonry.

28.     Upon information and belief, Defendant Parente fired Plaintiff on or about March 20, 2016.

29.     Defendant Parente controlled the terms of the Plaintiff's employment in he would tell him what tasks to complete and on what time frame they needed to be completed.

30.     Upon information and belief, Defendant Parente controlled the work schedule of all of the employees of Shotgun Masonry, including the Plaintiff's work schedule.

31.     Upon information and belief, Defendant Parente controlled the rates and methods of payment of each of the employees of Shotgun Masonry, including the Plaintiff's pay rate and methods of pay.

32.     At all times herein pertinent, the Plaintiff performed his duties for the Defendant Shotgun Masonry, at the direction and under the control of Defendant Parente.

33.     Upon information and belief, and at all times herein pertinent, Defendant Parente exercised close control over the managerial operations of Shotgun Masonry, including the policies and practices concerning employees.

34.     At all times herein pertinent, Defendant Parente controlled the terms and conditions of employment, supervised employees, made decisions as to hiring and firing and as to wages with respect to the employees of Shotgun Masonry in general, and with respect to the Plaintiff in particular.

35.     At all times herein pertinent, Defendant Parente acted as Plaintiff's employer within the meaning of the FLSA and the New York State Labor Law.

36.     The Defendants did not create or maintain records showing the precise number of hours Plaintiff worked or of wages he earned.

37.     Plaintiff alternatively allege that Defendants created records showing the number of hours Plaintiff worked and/or of wages he earned but upon information and belief, have not maintained them as required by law.

38.     Defendant failed to furnish Plaintiff with proper annual wage notices, as required by the NYLL.

39.     Defendants failed to furnish Plaintiff with a proper statement with every payment of wages, as required by the NYLL.

### *AS AND FOR A FIRST CAUSE OF ACTION*
### *FEDERAL FAIR LABOR STANDARDS ACT*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PAY MINIMUM WAGE)*

40.     Plaintiff hereby incorporates all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

41.     The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*., and the supporting federal regulations, apply to Defendants and protect the Plaintiff.

42.     Defendants failed to pay the Plaintiff the minimum wage to which he was entitled to under the FLSA.

43.     Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff.

44.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

### *AS AND FOR A SECOND CAUSE OF ACTION*
### *FEDERAL FAIR LABOR STANDARDS ACT*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PAY OVERTIME)*

45.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

46.     Defendants were required to directly pay the Plaintiff an overtime premium of one and one half times the Plaintiff's regular rate of pay for all hours worked over forty  (40) in a given workweek.

47.     Defendants failed to pay Plaintiff the overtime wages to which the Plaintiff is entitled under the FLSA.

48.     All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

### *AS AND FOR A THIRD CAUSE OF ACTION*
### *STATE MINIMUM WAGE ACT*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(MINIMUM WAGE)*

49.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

50.     At all relevant times, Plaintiff was an employee of the Defendants within the meaning of the New York Labor Law.

51.     The minimum wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

52.     Defendants have failed to pay the Plaintiff the minimum hourly wage to which he was entitled to under the NYLL and the supporting New York State Department of State regulations.

53.     By Defendants' failure to pay the Plaintiff statutorily required minimum wages for hours worked up to 40 hours in a given week, they have willfully violated the New York Labor Law Articles 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

### AS AND FOR A FOURTH CAUSE OF ACTION
### STATE WAGE AND HOUR LAW
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (FAILURE TO PAY OVERTIME)

54.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

55.     Defendants have failed to pay Plaintiff the overtime premium of one and one half times the Plaintiff's regular rate of pay for all hours worked above forty in a given work

week, to which the Plaintiff is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

56.    The Defendants herein knowingly and in bad faith violated  Articles 6 & 19 of the New York State Labor Law and supporting New York State Department of Labor regulations by failing to pay the Plaintiff overtime pay at the premium rate of one and one half times Plaintiff's regular rate of pay.

## *AS AND FOR A FIFTH CAUSE OF ACTION*<br>*STATE WAGE AND HOUR LAW*<br>*AGAINST THE DEFENDANTS, AND EACH OF THEM*<br>*(FAILURE TO PAY SPREAD OF HOURS)*

57.    Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

58.    The Defendants herein knowingly, willfully and in bad faith violated Articles 6 & 19 of NYLL, and more particularly 12 NYCRR § 142-2.4, by failing to pay the Plaintiff, one additional hour of pay at the prevailing minimum wage for each day during which there was a split shift and/or the spread of hours exceeded 10 hours.

## *AS AND FOR A SIXTH CAUSE OF ACTION*<br>*NEW YORK STATE LABOR LAW*<br>*AGAINST THE DEFENDANTS, AND EACH OF THEM*<br>*(FAILURE TO PROVIDE ANNUAL WAGE NOTICES)*

59.    The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

60.     Defendants have willfully failed to furnish the Plaintiff with annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

61.     Through their knowing or intentional failure to provide the Plaintiff with the annual wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

### *AS AND FOR A SEVENTH CAUSE OF ACTION*<br>*NEW YORK STATE LABOR LAW*<br>*AGAINST THE DEFENDANTS, AND EACH OF THEM*<br>*(FAILURE TO PROVIDE WAGE STATEMENTS)*

62.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

11

63.     Defendants have willfully failed to furnish the Plaintiff with statements with every payment of wages as required by NYLL, Article 6, § 195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

64.     Through their knowing or intentional failure to provide the Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

**WHEREFORE**, Plaintiff prays for judgment as against the Defendants, and each of them, as follows:

a)  awarding back pay for minimum wage due and owing to the Plaintiff;

b)  awarding back pay for overtime pay due and owing to the Plaintiff;

c)  awarding back pay for spread of hours pay due and owing to the Plaintiff;

d)  Declaring that Defendants violated the provisions of the NYLL relating to notice and record keeping requirements regarding employees, and awarding Plaintiff statutory damages and any other relief authorized under the NYLL for violations of those requirements;

e)  awarding liquidated damages pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

f) awarding the costs and disbursements of this action, along with reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

g) awarding any other relief this Court deems just, proper and equitable.

Dated: New York, New York
June 8, 2016

Respectfully submitted,
LAW OFFICES OF WILLIAM CAFARO

Amit Kumar (AK0822)
Attorneys for Plaintiff
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
AKumar@Cafaroesq.com
Our File No.: 52894

To:

SHOTGUN MASONRY & CONCRETE, LTD.
6 Commerce Drive
Farmingdale, NY 11735

JOSEPH PARENTE
6 Commerce Drive
Farmingdale, NY 11735

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
CARLOS ROSALES,                                    Case No.

                     Plaintiff,

     -vs.-

SHOTGUN MASONRY & CONCRETE,
LTD., and JOSEPH PARENTE,

                    Defendants.
--------------------------------------------------------X

---

## COMPLAINT

---

LAW OFFICES OF WILLIAM CAFARO
Attorneys for Plaintiff
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
File No. 52894

14